IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
06 AUG 10 PM 3 02
U.S. DISTRICT COURT
N.D. OF ALABAMA

Michael J. Mirras
Plaintiff

CV-06-P-1577-S

Vs.                        Case No.:
                           Trial by Jury Demanded

Providian Financial/Washington Mutual
Defendant

## PLAINTIFFS' SATEMENT OF CLAIM

1   COMES NOW the Plaintiff, Michael J. Mirras.

2   Plaintiff respectfully submits Plaintiffs Statement of Claim.

3   The Defendant Providian/Washington Mutual 4900 Johnson Dr. Pleasanton, CA. 94588 is a

4   credit lender and as such governed under the law by The Fair Credit Reporting Act 15 USC

5   §1681, *et seq.* and also reports these accounts to the national credit reporting agencies i.e. Trans

6   Union, Equifax, Experian and Innovis all national credit reporting agencies.

7   The State of Alabama abides by and adheres to these laws. Thus establishing the jurisdiction of

8   this honorable court. Specifically the Fair Credit Reporting Act § 618 15 USC §1681p, *et seq.*

9   The Plaintiff denies ever having any contractual agreement for credit, loans or services

10  relationship with the Defendant.

11  Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged account

12  is not in question here. But the fact as to how it was or was not verified and wrongful actions of

13  the Defendant in inserting erroneous and inaccurate information and failure to indicate the

14  account is in dispute in the Plaintiffs credit reports, violated the civil rights of the Plaintiff and

15  the law as outlined in The Fair Credit Reporting Act 15 USC §1681, *et seq.*

16  The Plaintiff requested a copy of his Credit Report from Experian on June 28, 2004 and again in
17  December 2005 and July 2006. The Plaintiff was alerted to this through his credit monitoring
18  service Privacy Guard who also records these transactions.
19  Upon inspection of the said report the Plaintiff observed that Providian/Washington Mutual was
20  listed on the Plaintiffs Experian and Equifax credit report. Indicating a debt/account due to
21  Providian/Washington Mutual. Providian/Washington Mutual has never contacted the Plaintiff at
22  anytime prior to today's date with any allegations of any alleged debt/account.
23  The Plaintiff has not now or ever had any business affiliation or relationship with
24  Providian/Washington Mutual has never applied for any type of mortgage, loan, credit card or
25  insurance or employment reasons with the Defendant.
26  The Plaintiff contacted the Defendant by U.S. Postal Service Certified Mail Return Receipt on
27  June 28, 2004 which the Defendant received on July 07 2006 asking for proof of this alleged
28  account. The Plaintiff had contacted the Defendant by US mail on several other occasions prior
29  to this and had never received an answer from the Defendant and has attempted to have an
30  explaination from the Defendant without any response for over two years. After not receiving
31  any answer from the Defendant, the Plaintiff contacted the Defendant on July 07 2006 with a
32  final notice of Pending Lawsuit in an attempt to settle this situation amicably to try and get a
33  response from the Defendant prior to filing this complaint.
34  The Defendant received this letter on July 7th 2006 via certified US Mail. On July 18th the
35  Defendant contacted the Plaintiff and left a message on the Plaintiffs home answering machine
36  indicating to call Jackie last name unknown (Doe) at the following phone number 925-416-5000
37  extension 8240. This is the only time the Defendant has ever responded to the Plaintiff.
38  The Plaintiff contacted Jackie Doe on Wednesday July 19th 2006. Jackie Doe indicated she had
39  called due to the Notice of Pending Lawsuit received from the Plaintiff and asked for
40  information from the Plaintiff. Jackie Doe asked the Plaintiff for his Social Security Number and
41  the Plaintiff refused to give this to Jackie Doe, Plaintiff indicating to Jackie Doe "that they

2

42  should have this information if they had some type of agreement or contract for an alleged
43  account". As a matter of fact Jackie Doe indicated to the Plaintiff that they
44  Providian/Washington Mutual had no documents at all in relationship to this account just the
45  name Michael Mirras **Jr**. The Plaintiff has never been known or used the suffix Jr. and has the
46  necessary government documents to prove this, birth certificate, US passport and Alabama
47  drivers license etc.
48  Jackie Doe then indicated with questions about identity theft, which the Plaintiff has no
49  knowledge of. Jackie Doe then proceeded to tell the Plaintiff that the account had been sold to
50  some other company and that the Plaintiff should contact that company in order to get the
51  erroneous and inaccurate information off of the Plaintiffs credit reports. The Plaintiff has no
52  knowledge of this other company nor are they reporting anything in the credit reports of the
53  Plaintiff nor have they contacted the Plaintiff at any time. Plaintiff posed the question to Jackie
54  Doe "if the Plaintiff contacts the other company how do they tell Providian/Washington Mutual
55  to remove the erroneous and inaccurate information from the credit report when it is
56  Providian/Washington Mutual who is reporting this"? There was no reply. The Defendant is
57  totally uncooperative and provides nonsensical answers. The Plaintiff has tried every way
58  possible to resolve these issues but has either been stonewalled or given nonsensical answers,
59  forcing the Plaintiff to this court action in order for the court to intervene in this matter.
60  The derogatory erroneous and inaccurate information still remains on the Plaintiff Credit report
61  to date.
62  The Plaintiff has requested confirmation/disputed this alleged account with Experian on several
63  occasions and Experian has confirmed that they are reporting it correctly as advised to Experian
64  by Providian/Washington Mutual.
65  The Defendant must also inform notice of dispute to the Major Credit Reporting agencies that
66  the alleged debt is in dispute, which the Defendant has not done. The Defendant has continued
67  reporting erroneous and inaccurate information by updating the Plaintiffs credit report for more

3

68 then two years even after informing the Defendant of this and asking for proof of any account

69 and has done so to-date. The Defendant is in violation the Fair Credit Reporting Act [15 U.S.C. §

70 1681s-2], *et seq*. As follows:

71    A. Failure to inform the National Credit Reporting Agencies that the alleged account is in

72       dispute and failing to do so for over two years.

73    B. Continually updating the Plaintiff's credit report for over two years with this erroneous

74       and inaccurate information.

75    Plaintiff re-alleges the allegations set forth in paragraphs 1 through 74

76 COUNT I through XXIV

77 VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

78 According to the Fair Credit Reporting Act, section 623. Responsibilities of furnishers of

79 information to consumer reporting agencies [15 U.S.C. § 1681s-2]:

80 (a) Duty of furnishers of information to provide accurate information.

81 (1) Prohibition.

82 (A) Reporting information with actual knowledge of errors. A person shall not furnish any

83 information relating to a consumer to any consumer-reporting agency if the person knows or

84 consciously avoids knowing that the information is inaccurate.

85 (B) Reporting information after notice and confirmation of errors. A person shall not furnish

86 information relating to a consumer to any consumer-reporting agency if

87 (i) <u>the person has been notified by the consumer, at the address specified by the person for such</u>

88 <u>notices, that specific information is inaccurate; and</u>

89 (ii) the information is, in fact, inaccurate.

90 (2) Duty to correct and update information. A person who

91 (A) regularly and in the ordinary course of business furnishes information to one or more

92 consumer reporting agencies about the person's transactions or experiences with any consumer;

93 and

4

94   (B) has furnished to a consumer reporting agency information that the person determines is not
95   complete or accurate, shall promptly notify the consumer reporting agency of that determination
96   and provide to the agency any corrections to that information, or any additional information, that
97   is necessary to make the information provided by the person to the agency complete and
98   accurate, and shall not thereafter furnish to the agency any of the information that remains not
99   complete or accurate.
100  (3) Duty to provide notice of dispute. If the completeness or accuracy of any information
101  furnished by any person to any consumer reporting agency is disputed to such person by a
102  consumer, the person may not furnish the information to any consumer reporting agency without
103  notice that such information is disputed by the consumer.
104  (b) Duties of furnishers of information upon notice of dispute.
105  (1) In general. After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute with
106  regard to the completeness or accuracy of any information provided by a person to a consumer
107  reporting agency, the person shall
108  (A) conduct an investigation with respect to the disputed information;
109  (B) review all relevant information provided by the consumer reporting agency pursuant to
110  section 611(a)(2) [§ 1681i];
111  (C) report the results of the investigation to the consumer reporting agency; and
112  (D) if the investigation finds that the information is incomplete or inaccurate, report those results
113  to all other consumer reporting agencies to which the person furnished the information and that
114  compile and maintain files on consumers on a nationwide basis.
115  (2) Deadline. A person shall complete all investigations, reviews, and reports required under
116  paragraph (1) regarding information provided by the person to a consumer reporting agency,
117  before the expiration of the period under section 611(a)(1) [§ 1681i] within which the consumer
118  reporting agency is required to complete actions required by that section regarding that
119  information.

120 The information from Providian/Washington Mutual Services on the Experian credit report of
121 Plaintiff does not reflect that the information is disputed by the consumer.
122 According to the Fair Credit Reporting Act, 616. Civil liability for willful noncompliance [15
123 U.S.C. § 1681n], (a) In general. Any person who willfully fails to comply with any requirement
124 imposed under this title with respect to any consumer is liable to that consumer in an amount
125 equal to the sum of (1) (A) any actual damages sustained by the consumer as a result of the
126 failure or damages of not less than $100 and not more than $1,000, (2) such amount of punitive
127 damages as the court may allow; and (3) in the case of any successful action to enforce any
128 liability under this section, the costs of the action together with reasonable attorney's fees as
129 determined by the court.
130 Plaintiff demands Judgement in the amount of $24,000.00 for each month the Defendant violated
131 the act by updating the Plaintiffs credit reports with inaccurate and erroneous information.
132 Plaintiff re-alleges the allegations set forth in paragraphs 74 through 131.
133 COUNT XXV through XLVIII
134 VIOLATION OF THE FAIR CREDIT REPORTING ACT
135 According to the Fair Credit Reporting Act, section 623. Responsibilities of furnishers of
136 information to consumer reporting agencies [15 U.S.C. § 1681s-2]:
137 (a) Duty of furnishers of information to provide accurate information.
138 (1) Prohibition.
139 (A) Reporting information with actual knowledge of errors. A person shall not furnish any
140 information relating to a consumer to any consumer-reporting agency if the person knows or
141 consciously avoids knowing that the information is inaccurate.
142 (B) Reporting information after notice and confirmation of errors. A person shall not furnish
143 information relating to a consumer to any consumer-reporting agency if
144 (i) the person has been notified by the consumer, at the address specified by the person for such
145 notices, that specific information is inaccurate; and

146   (ii) the information is, in fact, inaccurate.

147   (2) Duty to correct and update information. A person who

148   (A) <u>regularly and in the ordinary course of business furnishes information</u> to one or more

149   consumer reporting agencies about the person's transactions or experiences with any consumer;

150   and

151   (B) has furnished to a consumer reporting agency information that the person determines is not

152   complete or accurate, shall promptly notify the consumer reporting agency of that determination

153   and provide to the agency any corrections to that information, or any additional information, that

154   is necessary to make the information provided by the person to the agency complete and

155   accurate, and shall not thereafter furnish to the agency any of the information that remains not

156   complete or accurate.

157   (3) <u>Duty to provide notice of dispute. If the completeness or accuracy of any information</u>

158   <u>furnished by any person to any consumer reporting agency is disputed to such person by a</u>

159   <u>consumer, the person may not furnish the information to any consumer reporting agency without</u>

160   <u>notice that such information is disputed by the consumer.</u>

161   (b) Duties of <u>furnishers</u> of information upon notice of dispute.

162   (1) In general. After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute with

163   regard to the completeness or accuracy of any information provided by a person to a consumer

164   reporting agency, the person shall

165   (A) conduct an investigation with respect to the disputed information;

166   (B) review all relevant information provided by the consumer reporting agency pursuant to

167   section 611(a)(2) [§ 1681i];

168   (C) report the results of the investigation to the consumer reporting agency; and

169   (D) if the investigation finds that the information is incomplete or inaccurate, report those results

170   to all other consumer reporting agencies to which the person furnished the information and that

171   compile and maintain files on consumers on a nationwide basis.

172  (2) Deadline. A person shall complete all investigations, reviews, and reports required under
173  paragraph (1) regarding information provided by the person to a consumer reporting agency,
174  before the expiration of the period under section 611(a)(1) [§ 1681i] within which the consumer
175  reporting agency is required to complete actions required by that section regarding that
176  information.
177  Plaintiff demands Judgement in the amount of $24,000.00 for each month the Defendant has
178  failed to report the alleged account in dispute.
179  Plaintiff re-alleges the allegations set forth in paragraphs 131 through 178
180  Plaintiff has notified defendant Providian/Washington Mutual multiple times by phone and
181  certified mail that Plaintiff disputes the inaccurate information.
182  Defendant Providian/Washington Mutual continues to report the alleged debt on the Experian
183  credit report of Plaintiff.
184  According to the Fair Credit Reporting Act, 616. Civil liability for willful noncompliance [15
185  U.S.C. § 1681n], (a) In general. Any person who willfully fails to comply with any requirement
186  imposed under this title with respect to any consumer is liable to that consumer in an amount
187  equal to the sum of (1) (A) any actual damages sustained by the consumer as a result of the
188  failure or damages of not less than $100 and not more than $1,000, (2) such amount of punitive
189  damages as the court may allow; and (3) in the case of any successful action to enforce any
190  liability under this section, the costs of the action together with reasonable attorney's fees as
191  determined by the court.
192  Plaintiff has a negative Experian credit score of 621 as of this date and has been denied credit
193  and at reasonable rates because of the willful noncompliance actions erroneous and inaccurate
194  reporting and/or inaction's of the defendants.
195  According to the Fair Credit Reporting Act, 617. Civil liability for negligent noncompliance [15
196  U.S.C. § 1681o]

197 (a) In general. Any person who is negligent in failing to comply with any requirement imposed
198 under this title with respect to any consumer is liable to that consumer in an amount equal to the
199 sum of
200 (1) any actual damages sustained by the consumer as a result of the failure;
201 (2) in the case of any successful action to enforce any liability under this section, the costs of the
202 action together with reasonable attorney's fees as determined by the court.
203 Plaintiff has a negative Experian credit score of 621 as of this date and has been denied credit at
204 reasonable rates because of the negligent noncompliance actions and/or inaction's of the
205 defendant. Plaintiff has suffered injury in the form of Defamation of character
206 THEREFORE Plaintiff requests judgment against Defendant for damages of $50,000.00 plus
207 costs and fees and punitive damages as allowed by the court.
208 Defendant Providian/Washington Mutual has never obtained verification of the account or
209 mailed/provided such verification to the Plaintiff.
210 WHEREFORE, the defendant has violated the Fair Credit Reporting Act. Plaintiff demands
211 Judgment in the amount of $48,000.00, plus all costs of this action along with punitive damages
212 in the amount of $50,000.00
213 Respectfully submitted this 6th day of August 2006.

Michael J. Mireas, Plaintiff
12484 Windy Ridge Drive
McCalla, AL. 35111-2800
(205) 938-1982/559-4610

## **CERIFICATE OF SERVICE**

I hereby certify that a copy of the forgoing complaint Mirras vs. Providian/Washington Mutual Was mailed by US certified mail #70022410000318298926 by the clerk of the court/delivered to Providian/Washington Mutual at the following address, 4900 Johnson Dr. Pleasanton, CA. 94588 On August 10th 2006

*[signature]*
Michael J. Mirras, Plaintiff
12484 Windy Ridge Dr.
McCalla, AL. 35111-2800
205-938-1982/559-4610