IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL J. MIRRAS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. |
| § | CV 06 1577 S |
| PROVIDIAN/WASHINGTON MUTUAL, § | |
| § | |
| Defendant. § | |
| § | |

## ANSWER

Defendant Washington Mutual Bank, successor-in-interest to Providian National Bank, incorrectly sued as Providian Financial/Washington Mutual (herein after referred to as "Washington Mutual"), responds as follows to plaintiff's Complaint. In response to the individually numbered lines of plaintiff's Complaint, Washington Mutual states as follows:

1. Washington Mutual admits it is a federally chartered savings association headquartered in Nevada. Washington Mutual admits it sometimes furnishes information to credit reporting agencies. Washington Mutual admits the Fair Credit Reporting Act applies, in part, to furnishers of information. Washington Mutual denies the remaining allegations contained in lines 3 through 6 of plaintiff's Complaint.

2. Washington Mutual admits this Court has jurisdiction. Washington Mutual is without sufficient knowledge or information to admit or deny the remaining allegations in lines 7 and 8 of plaintiff's Complaint.

3. Washington Mutual is without sufficient knowledge or information to admit or deny the allegations in lines 9 through 10 of plaintiff's Complaint.

4. Washington Mutual is without sufficient knowledge or information to admit or deny plaintiff's statement about the alleged account. Washington Mutual denies the remaining allegations in lines 11 through 15 of plaintiff's Complaint.

5. Washington Mutual is without sufficient knowledge or information to admit or deny the allegations in lines 16 through 64 of plaintiff's Complaint.

6. Washington Mutual denies the allegations in lines 65 through 74 of plaintiff's Complaint.

7. Washington Mutual reavers and realleges its responses to lines 1 through 74 of plaintiff's Complaint.

8. Lines 77 through 119 of plaintiff's Complaint appear to recite provisions of the Fair Credit Reporting Act. As lines 77 through 119 do not make any allegations related to Washington Mutual, no response is required. To the extent lines 77 through 119 may allege Washington Mutual is guilty of a violation of the Fair Credit Reporting Act or any wrongdoing, those allegations are denied.

9. Washington Mutual states it is without sufficient knowledge or information to admit or deny the allegations in lines 120 and 121 of plaintiff's Complaint.

10. Lines 123 through 129 of plaintiff's Complaint appear to recite provisions of the Fair Credit Reporting Act. As lines 123 through 129 do not make any allegations related to Washington Mutual, no response is required. To the extent lines 123 through 129 may allege Washington Mutual is guilty of a violation of the Fair Credit Reporting Act or any wrongdoings, those allegations are denied.

11. Washington Mutual denies the allegations in lines 130 and 131 of plaintiff's Complaint and denies it is liable to the plaintiff.

12. Washington Mutual reavers and realleges its responses to lines 74 through 131 of plaintiff's Complaint.

13. Lines 135 through 176 of plaintiff's Complaint, appear to recite provisions of the Fair Credit Reporting Act. As lines 135 through 176 do not make any allegations related to Washington Mutual, no response is required. To the extent lines 135 through 176 may allege Washington Mutual is guilty of a violation of the Fair Credit Reporting Act or any wrongdoing, those allegations are denied.

14. In response to lines 177 and 178 of plaintiff's Complaint, Washington Mutual denies it is liable to plaintiff.

15. Washington Mutual reavers and realleges its responses to lines 131 through 178 of plaintiff's Complaint.

16. Washington Mutual is without sufficient knowledge or information to admit or deny the allegations in lines 180 and 181 of plaintiff's Complaint.

17. Washington Mutual is without sufficient knowledge or information to admit or deny the allegations in lines 182 and 183 of plaintiff's Complaint.

18. Lines 184 through 191 of plaintiff's Complaint appear to recite provisions of the Fair Credit Reporting Act. As lines 184 through 191 do not make any allegations related to Washington Mutual, no response is required. To the extent lines 184 through 191 may allege

Washington Mutual is guilty of a violation of the Fair Credit Reporting Act or any wrongdoing, those allegations are denied.

19. In response to lines 192 through 194 of plaintiff's Complaint, Washington Mutual is without sufficient knowledge or information as to plaintiff's credit score or whether he has been denied credit. Washington Mutual denies the remaining allegations in lines 192 through 194 of plaintiff's Complaint and specifically denies noncompliance with the Fair Credit Reporting Act.

20. Lines 195 through 202 of plaintiff's Complaint appear to recite provisions of the Fair Credit Reporting Act. As lines 195 through 202 do not make any allegations related to Washington Mutual, no response is required. To the extent lines 195 through 202 may allege Washington Mutual is guilty of a violation of the Fair Credit Reporting Act or any wrongdoing, those allegations are denied.

21. In response to lines 203 through 205 of plaintiff's Complaint, Washington Mutual is without sufficient knowledge or information as to plaintiff's credit score or whether he has been denied credit. Washington Mutual denies the remaining allegations in lines 203 through 205 of plaintiff's Complaint and specifically denies it acted negligently or is guilty of defamation.

22. In response to lines 206 and 207 of plaintiff's Complaint, Washington Mutual denies it owes plaintiff damages.

23. Washington Mutual is without sufficient knowledge of information to admit or deny the allegations in lines 208 and 209 of plaintiff's Complaint.

24.     In response to lines 210 through 212 of plaintiff's Complaint, Washington Mutual denies it violated the Fair Credit Reporting Act and denies it owes plaintiff damages or costs.

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Some or all of plaintiff's claims are barred by the applicable statute of limitations.

### THIRD DEFENSE

Plaintiff may be obligated by contract to submit his claims to binding arbitration.

### FOURTH DEFENSE

Washington Mutual is not guilty of the matters and things alleged in the Complaint.

### FIFTH DEFENSE

Washington Mutual contests the nature and amount of damages claimed in the Complaint.

### SIXTH DEFENSE

Washington Mutual avers that the plaintiff's claims are barred by latches, waiver, res judicata, contributory negligence, lack of standing, accord and satisfaction, release and/or estoppel.

### SEVENTH DEFENSE

Plaintiff's claimed injuries and damages were caused by the acts or omissions of others for whom Washington Mutual owes no legal responsibility.

### EIGHTH DEFENSE

Plaintiff's claims are pre-empted by federal law, including, but not limited to, the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

## NINTH DEFENSE

Plaintiff's claims are pre-empted by federal law, including, but not limited to, the National Bank Act of 1864, as amended, 12 U.S.C. § 21 et seq.

## TENTH DEFENSE

Washington Mutual has complied with all relevant federal and state requirements regarding the credit made available to the plaintiff.

## ELEVENTH DEFENSE

Washington Mutual denies that its conduct was the proximate cause of the plaintiff's alleged injuries.

## TWELFTH DEFENSE

Venue as to this action is improper or would be more appropriate in another forum.

## THIRTEENTH DEFENSE

Washington Mutual denies the material allegations of the Complaint and demands strict proof thereof.

## FOURTEENTH DEFENSE

Washington Mutual denies that its conduct was in any manner negligent or wanton.

## FIFTEENTH DEFENSE

Washington Mutual denies it made any statements relating to plaintiff which constitute libel or slander.

## SIXTEENTH DEFENSE

Any statement made by Washington Mutual regarding plaintiff was true or substantially true.

## SEVENTEENTH DEFENSE

6

Washington Mutual asserts qualified immunity or privilege as provided by the Fair Credit Reporting Act or common law.

### EIGHTEENTH DEFENSE

Washington Mutual cannot be held liable for punitive damages for intentional wrongful conduct or conduct involving malice based upon acts or omissions of any agent, employee, or servant pursuant to Ala. Code § 6-11-27 (Supp. 1991).

### NINETEENTH DEFENSE

The Complaint fails to allege a claim for which punitive damages can be recovered.

### TWENTIETH DEFENSE

The claim of plaintiff for punitive damages cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, would violate Washington Mutual's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

### TWENTY-FIRST DEFENSE

An award of punitive damages against Washington Mutual in this case based upon theories of respondeat superior, agency, vicarious liability, or joint and several liability would violate the due process clause of the Fourteenth Amendment of the United States Constitution.

### TWENTY-SECOND DEFENSE

The claim of plaintiff for punitive damages cannot be sustained, because an award of punitive damages under Alabama law by a jury that (1) is not provided a sufficient standard for determining the appropriateness, or the appropriate size, of a punitive damage award, (2) is not

instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary as to damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate Washington Mutual's substantive and procedural due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection, and guarantee against double jeopardy.

### TWENTY-THIRD DEFENSE

The claims of plaintiff for punitive damages cannot be sustained, because an award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would violate Washington Mutual's substantive and procedural due process rights under the Fourteenth Amendment to the United States Constitution and under the due process provisions of the Alabama Constitution.

### TWENTY-FOURTH DEFENSE

Any award of punitive damages based on anything other than Washington Mutual's conduct in connection with the matters that are the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and guarantee against double

jeopardy, because any other judgment for punitive damages in this case cannot protect Washington Mutual against impermissible multiple punishment for the same wrong.

## TWENTY-FIFTH DEFENSE

Any award of punitive damages in this case would violate Washington Mutual's rights under the substantive and procedural due process clause of the United States Constitution and of the Constitution of the State of Alabama; the excessive fines clauses of the Eighth Amendment to the United States Constitution; the contract clause of Article Two of the United States Constitution; the equal protection clause of the United States Constitution and the Constitution of the State of Alabama.

## TWENTY-SIXTH DEFENSE

The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment because there are absolutely no meaningful standards or limits for determining the amount of the award, contravening the deeply rooted American tradition that punishment may not be imposed in the absence of a pre-existing, express legislatively established range of penalties.

## TWENTY-SEVENTH DEFENSE

A punitive damage award in this case will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Commerce Clause, the Equal Protection Clause and the Privileges and Immunities Clause because the award would be based upon an Alabama state enforced policy that unconstitutionally discriminates against a defendant in punitive damages cases based upon a defendant's status as a large, out-of-state, corporate entity.

## TWENTY-EIGHTH DEFENSE

Plaintiff's claims are barred because he has suffered no compensable or actionable injury as a result of the conduct alleged.

## TWENTY-NINTH DEFENSE

Washington Mutual asserts as a defense or credit against the damages claimed by the plaintiff the settlement (and any monies paid pursuant thereto) between the plaintiff and any other person or entity for damages suffered as a result of the allegations contained in plaintiff's Complaint.

          /s/ William H. Morrow
One of the Attorneys for Defendant
Washington Mutual Bank

OF COUNSEL:

William H. Brooks (BROOW3330)
William H. Morrow (MORRW8589)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203-3200
(205) 581-0700
(205) 581-0799 (fax)

## CERTIFICATE OF SERVICE

      This is to certify that on this <u>5th</u> day of September, 2006, a true and correct copy of the foregoing was served on counsel of record by depositing a copy of same in the United States Mail, postage prepaid, properly addressed to

    Michael J. Mirras
    12484 Windy Ridge Drive
    McCalla, Alabama 35111-2800

                                  /s/ William H. Morrow
                                    Of Counsel